IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHELLY HALL, as Parent and Guardian of Abram & Jeremy Hall *

Plaintiff, *

v. * Civil Action No. RDB-09-0333

BALTIMORE CITY POLICE DEPARTMENT, et al., *

Defendants *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Shelly Hall ("Plaintiff or Hall"), on behalf of her two minor children, Abram Hall ("Abram") and Jeremy Hall ("Jeremy") (together, "minors"), asserts constitutional claims under 42 U.S.C. §§ 1983 and 1985 and several state common law causes of action against Unidentified Officers I, II, and III ("Defendant Police Officers") and the Baltimore City Police Department ("BCPD"). Now pending before this court is the Motion to Dismiss Counts 7 and 8 filed by the BCPD. This matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For reasons set forth below, the BCPD's Motion to Dismiss Counts 7 and 8 (Paper No. 4) is GRANTED.

**BACKGROUND**

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff[s'] complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff[s]." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

On or about May 26, 2008, 16-year old Abram Hall and 14-year old Jeremy Hall were repairing their bicycles in the rear of a friend's house in the vicinity of the 5000 Block of Litchfield Avenue in Baltimore City, Maryland. (Compl. ¶¶ 9, 10.) At approximately 4:00 P.M., an unmarked dark blue Ford Crown Victoria came to a stop close to the minors and three male Baltimore City Police Officers—Unidentified Police Officer I, Unidentified Police Officer II, and Unidentified Police Officer III—emerged from the vehicle. (*Id.* ¶¶ 11-12.) During the incident, the officers used nicknames to communicate with each other, and Police Officer I and Police Officer II were referred to as "White Devil" and "Akon," respectively. (*Id.* ¶ 13.) Although dressed in civilian clothes, the minors recognized the individuals emerging from the vehicle to be police officers because a week earlier one of them had allegedly approached Abram without provocation in the same location and poured iced tea over his pants. (*Id.* ¶ 12.)

After emerging from the vehicle, Police Officer I ran up to Abram and Jeremy and violently threw them against a fence along the property. (*Id.* ¶ 13.) He then allegedly choked both minors and said to Jeremy, "I'm going to beat you up for hanging out with your brother." (*Id.* ¶ 14.) Meanwhile, Police Officers II and III allegedly grabbed Abram and slammed him to the ground and proceeded to punch and kick him in the head, neck and chest as well other areas of the body. (*Id.*) Both of the minors were handcuffed. Soon thereafter, Abram, while handcuffed, attempted to stand up, and the officers deliberately tripped him and began beating him again. (*Id.*) Hall claims that as a result of the beating, Abram's clothes and shoes came off his body and that he was exposed in public during broad daylight. (*Id.* ¶ 15.)

The minors were transported to Baltimore City's Central Booking, but the minors were not processed because of the severity of their injuries. (*Id.* ¶ 17.) At that point the minors were transported to Sinai Hospital, where they received medical treatment that included "medications

for cuts and bruises, stitches, and X-rays for internal bleeding due to digestive problems." (*Id.* ¶¶ 17-18.) Hall alleges that Abram and Jeremy received permanent physical and emotional injuries. (*Id.* ¶ 19.) She notes that all criminal charges against Jeremy were subsequently dismissed for lack of probable cause. (*Id.* ¶ 20.) She claims that several efforts had been made to obtain a police report in order to identify the Defendant Police Officers, but that she was informed that no such reports existed. (*Id.* ¶ 8.)

On February 12, 2009, Plaintiff Hall filed a Complaint asserting a claim under 42 U.S.C. § 1983 alleging constitutional violations of the Fourth, Fifth and Fourteenth Amendments (Count 1), conspiracy to interfere with civil rights under § 1985 (Count 2), false arrest and imprisonment (Count 3), assault and battery (Count 4), malicious prosecution (Count 5), and intentional infliction of emotional distress (Count 6) against the Defendant Police Officers. In addition, Hall has asserted claims of negligence (Count 7) and "negligent failure to instruct, supervise" (Count 8) against the Defendants.

Currently pending before this Court is Defendant BCPD's Motion to Dismiss Counts 7 and 8 (Paper No. 4) filed on March 31, 2009. The BCPD contends that the state common law tort claims asserted in Counts 7 and 8 must be dismissed since the BCPD is a state agency that enjoys sovereign immunity under Maryland law. Hall, on the other hand, argues that the under the Local Government Tort Claims Act, the BCPD is defined as a local government agency, and that the BCPD therefore is not entitled to immunity for Counts 7 and 8. In addition, Hall contends that the BCPD is a proper defendant under 42 U.S.C. § 1983.

## **STANDARD OF REVIEW**

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the

Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I. Common Law Tort Claims (Counts 7 and 8)

It is well-established that the BCPD "exists as an agency of the State, and therefore enjoys the common law sovereign immunity from tort liability of a State agency." *Baltimore Police Dept. v. Cherkes*, 140 Md. App. 282, (2001) (citing Public Local Laws of Baltimore City § 16-2(a) (2009)); *see also Clea v. Baltimore*, 312 Md. 662, 668 (1988) ("unlike other municipal or county police departments which are agencies of the municipality or county, the Baltimore City Police Department is a State agency"). As a result, the BCPD is afforded State sovereign immunity against the tort claims asserted in Counts 7 and 8.

The Local Government Tort Claims Act ("LGTCA") requires local governments to defend and indemnify its employees for the tortious acts they commit within the scope of their employment and without malice. Md. Code Ann., Cts & Jud. Proc. § 5-302; *Ashton v. Brown*, 339 Md. 70, 107-08 (1995). Under the Act, the local government retains sovereign immunity, but is required to insure its employees, to a limited extent, for the payment of any adverse judgments. *See, e.g., Ashton v. Brown*, 660 A.2d 447, 466 (Md. 1995) (stating that "[a]s long as the local government employee is acting in the scope of his employment and without malice, the local government is required to pay the judgment against the employee to the extent it represents compensatory damages, up to certain statutory limits").

The BCPD is identified as a "local government" under the LGTCA; thus, if the Defendant Police Officers are found to have acted within the scope of their employment and without malice, the BCPD would be required to defend and indemnify them, to a limited extent, for any judgment rendered against them. Nevertheless, because the LGTCA does not waive the BCPD's governmental immunity, the BCPD cannot be directly named as a defendant in a common law tort cause of action. *See, e.g., Martino v. Bell*, 40 F. Supp. 2d 719, 723 (D. Md. 1999); *Khawaja v. City of Rockville*, 89 Md. App. 314, 325-26 (1991).

## II. Constitutional Claim under Section 1983 (Count 1)

A state agency does not qualify as a "person" under 42 U.S.C. § 1983, and therefore is not amenable to suit under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). This Court has previously determined, however, that the BCPD is not a state agency for purposes of the Eleventh Amendment. *See, e.g.*, *Munyiri v. Haduch*, 585 F. Supp. 2d 670, 676 (D. Md. 2008) (finding that the BCPD may be held liable under § 1983); *Chin v. City of Baltimore*, 21 F. Supp. 2d 546, 548 (D. Md. 2003) ("[t]he court determines that the Baltimore Police Department is not entitled to Eleventh Amendment immunity. As a result, the Baltimore Police Department is a 'person' subject to suit under § 1983.").

Nevertheless, this Court finds that Hall has failed to state a claim under Count 1 of her Complaint against the BCPD. Hall has pled no facts that would support a cognizable theory of § 1983 liability against the BCPD. Municipal entities may only be held liable under § 1983 for alleged unconstitutional acts that were caused by an official policy or custom. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Such entities may not be sued under § 1983 on a theory of *respondeat superior*. *Id.* at 691. In Count 1 of her Complaint, Hall has not claimed that the Defendant Police Officers' allegedly unconstitutional conduct was committed pursuant to any specified policy or custom of the BCPD.[1]

---

[1] In Count 8 of her Complaint, which asserts a claim of "negligent failure to instruct, supervise," Hall alleges that "the Baltimore City Police Department, knowingly, recklessly or with negligence and/or gross negligence failed to properly instruct, supervise, control or discipline on a continuing basis the police officers in their duties to refrain from" harassing and unlawfully arresting citizens "who were acting within their Constitutional and Civil Rights." (Compl. ¶ 44.) This Court liberally construes the entirety of Hall's Complaint such that her allegations in Count 8 are considered in relation to her § 1983 claim set forth in Count 1. Nevertheless, a local government may be held liable under § 1983 for a failing to train its employees "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Hall's conclusory allegation in Count 8 does not satisfy the standard for pleading "deliberate indifference." *See Lee v. O'Malley*, 533 F. Supp. 2d 548, 553 (D. Md. 2007) (dismissing a *Monell* claim on the basis that the complaint "merely offer[ed] the conclusory statement that "said arrests are a matter of policy, tradition and custom within the Baltimore City Police Department").

## CONCLUSION

For the foregoing reasons, the Baltimore City Police Department's Motion to Dismiss Counts 7 and 8 (Paper No. 4) is GRANTED and the Baltimore City Police Department is hereby dismissed as a party from the litigation. A separate Order follows.

Dated: October 6, 2009

/s/______________
Richard D. Bennett
United States District Judge